UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALLEN ALEXANDER, JR., #182285,

    Petitioner,

v.                                        CASE NO. 2:20-CV-11275
                                           HONORABLE ARTHUR J. TARNOW

RANDEE REWERTS,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner John Allen Alexander, Jr. ("Petitioner"), currently confined at the Kinross Michigan Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his 2011 convictions for second-degree fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a(4)(b), and resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1), which were imposed following a jury trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of life imprisonment and 5 to 15 years imprisonment on those convictions. In his current petition, he asserts that the state trial court abused its discretion by denying him re-sentencing because his current sentences violate his Sixth Amendment rights. Petitioner, however, has previously filed a federal habeas petition challenging the same convictions and sentences at issue in this case, which was denied and dismissed with prejudice. *See Alexander v. Hoffner*, No. 2:15-CV-11364 (E.D. Mich. Sept. 27, 2018), *cert. of app. den. sub nom Alexander v. Rewerts,* No. 18-2211, 2019 WL 5306840 (6th Cir. Jan. 18, 2019), *cert. den.* \_ U.S. \_, 139 S. Ct. 2621 (2019).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a subsequent federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                               s/ R. Steven Whalen
                                               R. STEVEN WHALEN
                                               UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2020

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2